<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAURENCE KAPLAN, on behalf of himself, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SAINT PETER'S HEALTHCARE SYSTEM, RONALD C. RAK, an individual, SUSAN BALLESTERO, an individual, GARRICK STOLDT, an individual, and JOHN and JANE DOES, each an individual, 1-20,<br><br>        Defendants. | Civil Action No. 13-2941 (MAS)(TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon the request of Defendants Saint Peter's Healthcare System, Ronald C. Rak, Susan Ballestero, and Garrick Stoldt (collectively, "Defendants") to stay briefing on Plaintiff Laurence Kaplan's ("Plaintiff") motions for partial summary judgment (ECF No. 81) and to strike Defendants' affirmative defenses (ECF No. 84). (Defs.' Req., ECF Nos. 83, 89.) Plaintiff opposes Defendants' Request and asks the Court to order Defendants' participation in a Rule 26(f) conference or, alternatively, excuse the Rule 26(f) conference and allow expedited discovery. (Pl.'s Opp'n, ECF No. 86.)

In their Request, Defendants ask the Court to exercise its "case management powers" to stay briefing on Plaintiff's motions pending resolution of Defendants' motion to certify the Court's March 31, 2014 Order for interlocutory appeal. Defendants assert that the stay will "avoid needless expense to the parties" because the Court's determination of the motion to certify may render the summary judgment motion moot. Plaintiff opposes, claiming that the Request would prejudicially delay

Plaintiff's receipt of ERISA protections. Moreover, Plaintiff asserts that Defendants have failed to show "a clear case of hardship or inequity" to warrant a stay.

Although issuing a stay of the briefing schedule is within the Court's discretion, the Court finds that Defendants have failed to demonstrate that "the circumstances justify an exercise of that discretion." *Thorner v. Sony Computer Entm't Am. LLC*, No. 09-1894 (MLC), 2013 WL 1868500, at *1 (D.N.J. May 3, 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)) (internal quotation marks omitted). The Court appreciates Defendants' case management concerns, but mere inconvenience to Defendants does not justify a stay of the briefing schedule. Likewise, Plaintiff has not demonstrated why a Rule 26(f) conference or expedited discovery is warranted at this time and, in any event, is a request more appropriately placed before the magistrate judge.

The Court has carefully considered the Parties' submissions, and based on the foregoing and other good cause shown,

IT IS on this 14th day of May, 2014, **ORDERED** that:

1) Defendants' Request to stay briefing on Plaintiff's two pending motions (ECF Nos. 83, 89) is DENIED.

2) Plaintiff's request to order Defendants' participation in a Rule 26(f) conference or for expedited discovery is DENIED.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE