**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAURENCE KAPLAN, on behalf of himself, :
individually, and on behalf of all others :
similarly situated, :
:
          Plaintiff, :
:      Civil Action No. 13-2941 (MAS)(TJB)
   v. :
:
SAINT PETER'S HEALTHCARE SYSTEM, :      **MEMORANDUM OPINION**
RONALD C. RAK, an individual, SUSAN :
BALLESTERO, an individual, GARRICK :
STOLDT, an individual, and JOHN and JANE :
DOES, each an individual, 1-20, :
:
          Defendants. :

On March 31, 2014, the Court issued an Order denying the motion to dismiss of Defendants Saint Peter's Healthcare System ("SPHS"), Ronald C. Rak, Susan Ballestero, and Garrick Stoldt (collectively, "Defendants"). (March 31 Order, ECF No. 67.) Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and failure to state a claim ultimately presented an issue of first impression in this Circuit: whether a non-profit healthcare corporation, such as SPHS, may establish and maintain a church plan, as defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(33), if it is controlled by or associated with a church.

Presently before the Court is Defendants' motion to certify the Court's March 31 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the proceedings pending an appeal to the Third Circuit. (Defs.' Br., ECF No. 74-1.) Plaintiff Laurence Kaplan opposed the motion (Pl.'s Opp'n, ECF No. 85) and Defendants replied. (Defs.' Reply, ECF No. 90). The Court has carefully

considered the submissions and has decided the motion without oral argument pursuant to Local Civil Rule 78.1. For the following reasons, and other good cause shown, Defendants' motion is GRANTED.

## I. BACKGROUND

The Court detailed Plaintiff's factual allegations giving rise to this action in its Memorandum Opinion accompanying the Court's March 31 Order and incorporates that background herein. (*See* Mem. Op. at 2-4, ECF No. 68.)

In its Memorandum Opinion, the Court held that, as a matter of law, SPHS's Retirement Plan (the "Plan") is not a church plan exempt from ERISA, solidifying the Court's subject matter jurisdiction of Plaintiff's ERISA claims. (*Id.* at 2, 13, 17.) The Court also set forth its reasons for denying Defendants' motion to dismiss Plaintiff's ERISA's claims. After conducting a statutory analysis of ERISA's church plan definition, the Court concluded that the plain text of the statute "requires—from the outset—a [church] plan to be established by a church." (Mem. Op. at 12-13.) Because the Plan was established by SPHS, it could not be a church plan as defined under the statute. (*Id.* at 7-13.) Defendants also moved to dismiss Plaintiff's constitutional claim alleging that the church plan exemption, as claimed by SPHS, is an unconstitutional accommodation under the Establishment Clause. However, upon concluding that SPHS's Plan is not a church plan, Defendants' motion to dismiss the constitutional claim was rendered moot and denied as such. (*Id.* at 17; *see also* March 31 Order, ¶ 2.)

## II. DISCUSSION

Defendants now move to certify the Court's March 31 Order for interlocutory appeal and for a stay of proceedings, asserting that the March 31 Order satisfies the three criteria for certification. Moreover, Defendants suggest that the March 31 Order has created "chaos" for "hundreds of institutions across the country" affected by the Court's ruling. (Defs.' Br. 1-2, 16; *see also* Greenbaum Supp. Cert. Ex. A, ECF No. 75.) Unsurprisingly, Plaintiff disagrees with Defendants' assertions and

contends that "[t]his case does not present 'exceptional' circumstances that warrant the disruption of the normal judicial process." (Pl.'s Opp'n 1.)

In this instance, the Court agrees with Defendants. This is an exceptional case warranting certification for interlocutory appeal and, as explained in more detail below, Defendants have met the criteria for a certificate. In granting Defendants' motion, the Court acknowledges the practical implications of its March 31 decision, though it does not agree its ruling created nationwide "chaos."

### A. Motion for Interlocutory Appeal

The Court finds that Defendants have established the three elements necessary for the Court to certify its March 31 Order for interlocutory appeal.

As a general rule, a matter may not be appealed to the Third Circuit until final judgment is entered. Nevertheless, in "exceptional cases," an interlocutory appeal may be proper. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). As such, a district court may exercise its discretion to grant leave to file an interlocutory appeal, under § 1292(b), if its order: (1) involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) if appealed immediately, "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). The burden to demonstrate that certification is appropriate lies with the moving party. *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citation omitted); *see also, e.g., Elec. Mobility Corp. v. Borns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 398 (D.N.J. 2000).

First, the question of whether a non-profit healthcare corporation can establish and maintain a church plan, as defined in ERISA, is a controlling question of law. A question of law is controlling if "an incorrect disposition would constitute reversible error and . . . it is serious to the conduct of the litigation, either practically or legal[ly]." *Eisenberger v. Chesapeake Appalachia, LLC*, No. 09-cv-1415, 2010 WL 1816646, at *3 (M.D. Pa. May 5, 2010) (citing *Katz*, 496 F.2d at 755). Indeed, the Court acknowledged that "[t]he Parties' dispute is one centered on, and resolved by, the statutory

3

construction of ERISA's church plan definition[.]" (Mem. Op. at 7.) Plaintiff concedes that "the [Court's] statutory interpretation . . . is dispositive of Plaintiff's claim that the SPHS Plan is not exempt from ERISA as a church plan[.]" (Pl.'s Opp'n 2.) Nevertheless, he disputes that the interpretive question is a controlling question of law because it would not affect the entire litigation or its outcome. (Pl.'s Opp'n 2, 10-12, 16.) The Court disagrees.

The Court did not reach the issue of whether an exemption from ERISA eliminates the Court's subject matter jurisdiction.[1] However, if the Court's statutory interpretation was incorrect, it would require reversal upon final appeal and likely strip this Court of subject matter jurisdiction of Plaintiff's ERISA claims. *Beazer E., Inc. v. The Mead Corp.*, No. Civ.A.91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006) ("The court believes that the fundamental issue of subject matter jurisdiction is one of the clearest examples of a 'controlling question of law' within the meaning of § 1292(b).") (citation omitted); *see also Koval v. Wash. Cnty. Redevelopment Auth.*, 574 F.3d 238, 244 (3d Cir. 2009) (affirming dismissal of complaint for lack of subject matter jurisdiction because the benefits plan at issue was a "government plan" exempt from ERISA).

Second, there is substantial ground for difference of opinion whether a non-profit, tax-exempt organization can establish and maintain a church plan as defined in ERISA. Substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard. *P. Schoenfeld Asset Mgmt. LLC. v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.' " *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Beazer E.*, 2006 WL 2927627, at *2). In its Memorandum Opinion, the Court acknowledged and analyzed at length numerous federal court decisions and Internal Revenue Service and Department

---

[1] Although the Court did not reach this issue, the Court of Appeals "may address any issue fairly included within the certified order[.]" *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

of Labor advisory opinions, which have—at the very least—presumed that a non-profit, tax-exempt corporation can establish and maintain a church plan. (Mem. Op. at 11-15.) More troubling, however, is that these cases conflict with each other in their analysis (or lack thereof) of the church plan definition. (*See id.* at 13.) Even if the Court did not consider its March 31 decision as one in conflict with prior decisions, a more recent split has emerged amongst courts that have taken a closer look at the plain text. *Compare Overall v. Ascension*, --- F. Supp. 2d ----, 2014 WL 2448492, at *15 (E.D. Mich. May 13, 2014) ("A church plan is a plan that is (1) established by a church or (2) established by an organization that is controlled by or associated with a church.")[2], *and Medina v. Catholic Health Initiatives*, No. 13-cv-01249, 2014 WL 4244012, at *2-3 (D. Colo. Aug. 26, 2014) (rejecting report and recommendation and agreeing with *Overall*), *with Rollins v. Dignity Health*, --- F. Supp. 2d ----, 2013 WL 6512682, at *5 (N.D. Cal. Dec. 12, 2013) (concluding that "notwithstanding section C, which permits a valid church plan to be maintained by some church-affiliated organizations, section A still requires that a church *establish* a church plan") (emphasis in original).[3]

Third, a definitive, appellate ruling would materially advance the termination of the litigation. A § 1292(b) certification "materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *Bais Yaakov of Spring Valley v.*

---

[2] In support of their motion, Defendants claim that this Court's "gatekeeper" reasoning has been "refuted" by *Overall*. (Defs.' Reply 14.) Although the Court agrees that *Overall* is in clear conflict with *Rollins* and this Court's decision, the *Overall* court failed to address the absence of the term "establish" in Section C(i) of the church plan definition, which was significant in *Rollins* and the Court's March 31 decision. *See* 29 U.S.C. § 1002(33)(C)(i); Mem. Op. at 9-10; *Rollins*, 2013 WL 6512682, at *5.

[3] *See also Chavies v. Catholic Health East*, No. 13-1645 (CDJ) (E.D. Pa. Mar. 28, 2014) (order denying hospital's motion to dismiss without prejudice and ordering jurisdictional discovery on the issue of whether defendant-hospital is itself a church pursuant to 29 U.S.C. § 1002(33)(A), after the hospital argued that it is a church). Because the *Chavies* court has not issued a decision regarding the construction of the church plan definition, the Court does not view that order as one in agreement with or against this Court's decision. However, any determination made by the Third Circuit will also bind the *Chavies* court.

*Peterson's Nelnet, LLC*, No. 11-00011, 2013 WL 663301, at *4 (D.N.J. Feb.21, 2013). "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." *N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, No. 07-2978, 2008 WL 4692345, at *3 (D.N.J. Oct. 8, 2008).

Plaintiff disputes that Defendants have met any of the criteria necessary for certification, but his major point of contention is that certification would not materially advance the ultimate termination of the litigation. (Pl.'s Opp'n 2, 7.) Specifically, Plaintiff asserts that a reversal would not prevent unnecessary expense and would broaden discovery by adding factual and legal issues. (*Id.* at 12-15.) To support his assertion, Plaintiff represents that this case could be submitted to the Court within five months after targeted discovery. (*Id.* at 5.) Defendants assert that discovery will take "two mutually exclusive pathways" and an interlocutory appeal will determine the appropriate path. (Defs.' Reply 7.) According to Defendants, if the case goes forward in the normal course, then discovery will focus on issues of class certification and the ERISA claims but not on issues of control or association with the Roman Catholic Church. On the other hand, if the March 31 Order is reversed, then there may be additional jurisdictional discovery. (*Id.* at 7.)

As discussed above, Defendants' motion concerns a controlling question of law. To that end, "[t]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993) (citation and internal quotations omitted). An interlocutory appeal would avoid unnecessary expense and will materially advance the ultimate termination of the litigation: at most, a reversal of the Court's decision will likely eliminate the Court's subject matter jurisdiction of Plaintiff's ERISA claims altogether and, at the very least, will eliminate the necessity for certain avenues of discovery in the manner Defendants have described. Furthermore, this case is still in the early stages of litigation, where the parties have not participated in a Rule 16 conference or engaged in any discovery. Finally, if the Court is reversed,

deciding the Establishment Clause issue would not require discovery because it is a pure question of law.

Plaintiff relies on the *Rollins* court's denial of Dignity Health's motion for interlocutory appeal. *See Rollins v. Dignity Health*, No. 13-cv-01450-TEH, 2014 WL 1048637 (N.D. Cal. Mar. 17, 2014). Judge Henderson's decision is distinguishable from the instant matter because of its procedural posture. The *Rollins* court's initial decision regarding the church plan definition was decided on a motion to dismiss for failure to state a claim, not for lack of subject matter jurisdiction. Indeed, Judge Henderson made this distinction in his explanation for denying Dignity Health's motion for interlocutory appeal. *Id.* at *2 ("a different ruling as to whether a court has jurisdiction . . . could invalidate an entire district court proceeding. In contrast, the matter at issue here is not of such high stakes"). Judge Henderson's decision, therefore, is not persuasive on this issue.

In sum, this is the rare case where an interlocutory appeal is appropriate. Ultimately, of course, that is not the Court's decision to make, as the Third Circuit may disagree and deny certification. Defendants, nevertheless, should at least have the opportunity to make their request to the Court of Appeals, and by certifying, the Court grants them leave to do so.

**B.     Motion to Stay**

Defendants move to stay the proceedings pending a determination by the Third Circuit and Plaintiff opposes. (Defs.' Br. 18-19; Pl.'s Opp'n 2, 25-27.) Each court has the inherent power to control its own docket to promote fair and efficient adjudication. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991). To promote fair and efficient adjudication in this case, the Court will stay this action pending appeal from the March 31 Order. To

be clear, however, a stay is granted only until the Third Circuit decides whether it will permit an appeal to be taken.[4]

### III. CONCLUSION

For the reasons set forth above, and other good cause shown, it is hereby ordered that Defendants' motion to certify the Court's March 31 Order for interlocutory appeal and to stay proceedings pending appeal is GRANTED. An Order will be entered consistent with this Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2014

---

[4] As provided in Federal Rule of Appellate Procedure 8 and Local Appellate Rule 8.0, Defendants may file a motion to stay on appeal.

8