**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURENCE KAPLAN, on behalf of himself individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SAINT PETER'S HEALTHCARE SYSTEM, et al.,<br><br>    Defendants. | Civil Action No. 13-2941 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Plaintiff Laurence Kaplan's ("Plaintiff") motion to amend the question certified for interlocutory appeal. (ECF No. 113.) Defendants Saint Peter's Healthcare System, Ronald C. Rak, Susan Ballestero, and Garrick Stoldt (collectively, "Defendants") filed opposition to Plaintiff's motion (ECF No. 114), and Plaintiff replied (ECF No. 115). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Plaintiff's motion is denied.

**I. Background**[1]

  On September 19, 2014, the Court issued an Order ("September 19 Order") granting Defendants' motion to certify the Court's March 31, 2014 Order ("March 31 Order") for

---

[1] The Court has set forth the factual and procedural background of this case in the opinions accompanying the Court's March 31 Order and September 19 Order and incorporates that background herein. (March 31 Mem. Op., ECF No. 68; Sept. 19 Mem. Op., ECF No. 110.)

interlocutory appeal to the Third Circuit Court of Appeals. The Court certified the following question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> Whether an organization, a civil law corporation or otherwise, can both establish and maintain a "church plan," as defined in the Employee Retirement Income Security Act, 29 U.S.C. § 1002(33), if such organization is controlled by or associated with a church or a convention or association of churches.

(ECF No. 111.) On the same day, Plaintiff moved to amend the question certified for appeal, to state the following:

> Whether a "church plan," as defined in the Employee Retirement Income Security Act, 29 U.S.C. § 1002(33), must be established by a church or convention or association of churches.

(Pl.'s Br. 3, ECF No. 113-1.) Plaintiff argues that the question certified in the Court's September 19 Order suggests that "control by or association with a church" is an element addressed by the Court's March 31 Order denying Defendants' motion to dismiss for lack of subject matter jurisdiction. (*Id.* at 2.) Plaintiff asserts, however, that the Court declined to address this factual question. (*Id.*) Instead, Plaintiff argues that the March 31 Order rejected Defendants' claim to be a "church plan" simply because the Plan was not established by a church. (*Id.* at 3.)

In opposition, Defendants argue that Plaintiff's motion: (1) is an improper motion for reconsideration; and (2) has been mooted by the filing of Defendants' petition for leave to appeal. (Defs.' Opp. Br. 1-2, ECF No. 114.) Defendants assert Plaintiff's motion is improper because "[t]he motion does not indicate the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked," nor does it identify "change in controlling law, . . . new evidence, [or] . . . clear error of law." (*Id.* at 1.) Defendants also argue that Plaintiff's motion is moot because Defendants filed their petition for leave to appeal on September 29, 2014, placing jurisdiction with the Court of Appeals. (*Id.* at 2.) In response, Plaintiff asserts that reconsideration is warranted because the Court did not reach the factual issue of whether Defendant Saint Peter's

Healthcare System is controlled by or associated with a church, and the issue is not moot because there is a real controversy between the parties that this Court retains jurisdiction to decide. (Pl.'s Reply Br. 2-4, ECF No. 115.)

## II. Discussion

Plaintiff's motion is not moot, and this Court has jurisdiction to modify its September 19 Order. Generally, "so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). The Supreme Court has concluded that jurisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 5(d)(2) of the Federal Rules of Appellate Procedure provides that "[t]he date when the order granting permission to appeal is entered serves as the date of the notice of appeal." "A district court therefore retains jurisdiction over an interlocutory order—and thus may reconsider, rescind, or modify such an order—until a court of appeals grants a party permission to appeal." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Here, even though Defendants filed their petition for leave to appeal with the Third Circuit on September 29, 2014, the Third Circuit has not yet granted permission to appeal. Therefore, a notice of appeal has not been "filed," and this Court retains jurisdiction to reconsider its September 19 Order.

Plaintiff asserts reconsideration of the September 19 Order is warranted. Plaintiff, as the party seeking reconsideration, has the burden of establishing at least one of the following grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*

*Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff argues only that reconsideration is warranted because this Court needs to correct a clear error of law as "the Court never reached a decision as to [the] issue, nor made factual findings necessary to raise the question certified." (Pl.'s Reply Br. 3, ECF No. 115.)

Plaintiff is correct that the Court did not make factual findings as to whether Defendants are controlled by or associated with a church. (*see* March 31 Op. 17 n.6.) The Court, however, did not certify a factual question to the Third Circuit. As the Court stated in its March 31 Opinion, "[a]t the base of [Defendants'] factual assertions, however, is a significant legal one: that a pension plan established and maintained by a tax exempt corporation controlled by or associated with a church is a church plan." (*Id.* at 7.) In resolving this legal issue, this Court specifically examined the statutory interpretation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(33), and the arguments presented by the parties to determine if subsection C of that provision (a plan can be *maintained* by an organization if controlled by or associated with a church or a convention or association of churches) expands the definition of a church in subsection A (church or convention or association of churches). (*Id.* at 8-9.) The Court rejected this interpretation finding that "the definition means what it says" and this "interpretation ignores— and renders superfluous—Section A." (*Id.* at 9-10.) The Court, interpreting ERISA, held that, although the definition of a church plan is expanded by subsection C to include plans *maintained* by a tax-exempt organization if such organization is controlled or associated with a church or a convention of association of churches, "it nevertheless requires that the plan be *established* by a church or convention or association of churches." (*Id.* at 8.) Since the Court held that a tax-exempt organization cannot establish and maintain a church plan if it is controlled by or associated with a church, the Court did not reach Defendants' factual assertions as to whether Defendants are

"controlled by or associated with a church." Here, the Court certified the proper controlling question of law that was decided in the March 31 Order, and Plaintiff has not identified any clear error of law.

### III.   Conclusion

For the reasons set forth above, Plaintiff's motion to amend the question certified for interlocutory appeal is denied.

/s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

Dated: December 12, 2014